Mark FRANGAJ, Petitioner,

v.

Attorney General Alberto R. GON-ZALES, Department of Homeland Security, New York District Director and Agents, Respondents.

No. 05–5556–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Maggy T. Duteau, New York, NY, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Mark Frangaj, a native and citizen of Albania, seeks review of an April 18, 2003, order of the BIA affirming the March 31, 1999, decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mark Frangay,* No. A75 434 330 (B.I.A. Apr. 18, 2003), *aff'g* No. A75 434 330 (Immig. Ct. N.Y. City Mar. 31, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As an initial matter, we deny Frangaj's motion for an extension of time

to file a reply brief. Frangaj's motion for an extension was filed out of time. Federal Rule of Appellate Procedure 31(a)(1) provides petitioners with fourteen days to file a reply brief after the respondent's brief has been filed. Since the government filed its brief on October 17, 2006, the deadline for the reply brief expired on October 31, 2006. Frangaj did not file his motion until November 3, 2006, (and even then he did not provide a copy of his proposed reply brief). The IJ denied Frangaj's asylum claim because he failed to prove that he filed his application within one year of entry into the United States. *See* 8 U.S.C. § 1158(a)(2)(B). We have interpreted this statute to mean that we lack jurisdiction to review the petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). In this case, Frangaj asserts that the IJ applied the wrong standard in addressing whether extraordinary circumstances prevented him from filing his asylum application within one year of entry.[1] At the hearing, Frangaj argued that he received ineffective assistance of counsel in Florida, and he had difficulty filing his application because he did not speak English. Although the IJ did not explicitly state what standard he was applying in addressing Frangaj's arguments, there is no indication that the IJ used anything other than the correct standard. The regulations provide several examples of "extraordinary circumstances," and the IJ's

analysis conforms with these regulations. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, Frangaj has failed to demonstrate that the IJ applied the wrong standard in examining the one-year bar issue. Additionally, Frangaj argues that his particular circumstances were extraordinary. However, this argument is seeking review of the IJ's application of law to fact, which this Court lacks jurisdiction to review.

■ This Court nevertheless retains jurisdiction to review the denial of the withholding of removal claim. Substantial evidence supports the denial of this claim as follows: Frangaj was inconsistent about his reasons for coming to the United States and his brother's location in Albania; he failed to provide corroborating evidence from his wife and brother, and his testimony was inconsistent with the country reports. Accordingly, the IJ's denial of Frangaj's withholding of removal claim is affirmed.

■ Because the only evidence that Frangaj was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

■ Frangaj argues that the BIA violated his right to due process when it

---

**1.** Before the IJ, Frangaj claimed that his failure to timely file his asylum application was due, in part, to changed circumstances in Albania. However, Frangaj has failed to raise any constitutional claims or questions of law

relating to the changed country conditions finding, and as a result, this is waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

decided his appeal without opinion. This Court has determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004). Additionally, the Court recently held that it lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's asylum claim and DENIED with respect to his withholding of removal and CAT claims. The petitioner's motion for an extension of time to file a reply brief is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).